IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-599-WKW |
| | ) [WO] |
| WARDEN RICHIE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **ORDER**

Before the court is Plaintiff's motion for temporary restraining order.  (Doc. # 1.)  Plaintiff Carlos Carey ("Carey") is a prisoner in the custody of the Alabama Department of Corrections and is currently housed in Easterling Correctional Facility ("Easterling").  Upon careful consideration, the motion for temporary restraining order will be denied.

In his complaint, Carey alleges that Defendants, who are members of the Easterling staff, have violated his statutory rights.  To wit, he alleges that his cellmate has subjected him to physical and sexual abuse, but that Defendants refuse to report this abuse in violation of the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq.*  He requests a "temporary restraining order against the defendants from not giving [him] protection under [PREA]."  (Doc. # 1, at 3.)

A temporary restraining order is an extraordinary form of relief.  Such an order should issue only where the moving party demonstrates (1) that there is a substantial

likelihood of success on the merits, (2) that the injunction is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts it has made to notify the nonmoving party and the reasons notice should not be required.  Fed. R. Civ. P. 65(b)(1).

Because he has failed to demonstrate a substantial likelihood of success on the merits, Carey is not entitled to a temporary restraining order.  Congress enacted PREA with the intention of increasing accountability of prison officials and protecting the Eighth Amendment rights of prisoners.  42 U.S.C. § 15692.  Nothing in the language of the statute, however, establishes a private right of action to enforce its terms.  *See Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (per curiam); *see also Diamond v. Allen*, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) (collecting cases).  Because Carey has no private right of action under PREA, he has failed to show that he is substantially likely to succeed on the merits of this claim.

Accordingly, it is ORDERED that Plaintiff's motion for a temporary restraining order (Doc. # 1) is DENIED.

DONE this 22nd day of July, 2016.

                                        /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE