IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS CAREY, #245045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-599-WKW |
| | ) | (WO) |
| WARDEN RICHIE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Carlos Carey ("Carey"), a state inmate and frequent federal litigant, currently incarcerated at the Easterling Correctional Facility ("Easterling").  In the complaint, Carey alleges that the defendants advised his previous cell mate, Ardarrious Speigner, that Carey "was a homosexual" and this inmate subsequently "beat and [repeatedly] raped the plaintiff . . . and when plaintiff reported the rape and abuse" to the defendants they failed to report the violations as required by the Prison Rape Elimination Act ("PREA").  *Compl. - Doc. No. 1* at 2-3.  Carey also contends that the defendants make public his sexual orientation and his role in reporting other inmates for acts of sexual misconduct then attempt to force him into a cell with these inmates via threats of physical violence and potential issuance of disciplinary actions.  *Id*.  Carey maintains that the defendants have failed to protect him in accordance with PREA and requests issuance of a preliminary injunction for protection under PREA.  *Id*. at 3.

On July 22, 2016, the court entered an order directing the defendants to show cause why Carey's motion for preliminary injunction should not be granted. *Doc. No. 5.* The defendants filed a response to this order on August 4, 2016, supported by relevant evidentiary materials, including affidavits and certified copies of prison records, in which they deny Carey's allegations and argue that, under the circumstances of this case, he is not entitled to preliminary injunctive relief. *Doc. No. 14.*

Upon review of the motion for preliminary injunction and the response filed by the defendants, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Carey meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted) (citing *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary

injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

In their response to the motion for preliminary injunction, the defendants deny that they have placed Carey in danger or acted with deliberate indifference to his safety.  Specifically, the defendants maintain that they have never provided information to any other inmate with respect to personal or confidential information regarding Carey.  In addition, the defendants assert that they have referred all of Carey's complaints regarding sexual assaults to the appropriate officials for review and investigation.  Finally, the defendants argue that they have undertaken appropriate measures to protect Carey.

In addressing Carey's claims regarding repeated sexual assaults at the hands of his former cellmate and the purported need for additional protection, Capt. Nathaniel Lawson provides the following information:

> [Prior to July 27, 2016,] I had no knowledge of or was I advised by Inmate Carey or anyone else that inmate Ardarrious Speigner . . . was sexually assaulting inmate Carey. The first time I had knowledge of inmate Carey's alleged sexual

assault [by] inmate Speigner was on July 27, 2016, when I was reading my inmate
mail and received a letter from inmate Carey stating that he was assaulted by inmate
Speigner. I advised Lt. Brian Thompkins, Institutional PREA Compliance
Manager, and Warden II Patrice Richie of the incident. Investigator William
Caulfield was also notified of the incident. Inmate Carey was examined by the
medical staff and returned to his assigned cell in the Segregation Unit.  When I
received inmate Carey's letter, Inmate Speigner had already been released from the
Segregation Unit on July 22, 2016.

I have not made any statement to anyone that inmate Carey was easy nor
have I allowed inmates access to inmate Carey's cell for the purpose to sexually
assault him.  Inmate Carey has been assigned cellmates while in the Segregation
Unit just like all other medium security level IV inmates.

I have never used force to put an inmate in inmate Carey's cell nor have I
used force to put inmate Carey into another inmate's cell.  I have instructed the
Segregation Unit Rovers to give inmate Carey a cellmate, but no force was used to
place the inmates in the cell.

I have not threatened inmate Carey in any way.

*Defs.' Exh. D - Doc. No. 14-4* at 1-2.

Lt. Brian Thompkins further states that:

Inmate Carlos Carey . . . has never voiced or written anything to me that he
was being sexually abused by inmate Ardarrious Speigner.  Inmate Carey sent a
note making a PREA allegation against an officer.  The allegation was handled
according to PREA guidelines.  Also within the note, Inmate Carey stated that he
and his cellmate were enemies and that they were fighting, but the note never stated
that he was sexually assaulted.  Inmate Speigner was reassigned to another housing
unit. All of inmate Carey's PREA complaints were reported and investigated
according to ADOC regulations and PREA standards. I have never broken the
confidentiality of any inmate, whether it pertains to PREA or any other security
issue within the Alabama Department of Corrections.  I have never said anything
about inmate Carey's sexual preference to anyone nor have I threatened inmate
Carey with any form of bodily harm or retaliation.

*Defs.' Exh. E - Doc. No. 14-5* at 1.  In addition, Warden Myers avers that Carey's "allegations are

untrue and without merit. Inmate Carey's allegations have been investigated by the I & I

Department and have been [deemed] unfounded or [absent] proof.  Inmate Carey was provided

protection under PREA. Inmate Carey was separated from inmate Ardarrious Speigner[.] No

officer or inmate has sexually assaulted him."  *Defs.' Exh. F - Doc. No. 14-6*.

4

Turning to the first and second prerequisites for issuance of preliminary injunctive relief, the undersigned finds that Carey fails to demonstrate either a substantial likelihood of success on the merits of his pending claims or a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. Specifically, the evidentiary materials submitted by the defendants suggest that Carey's claims have been handled in an appropriate manner and he has received adequate protection at Easterling. They also establish that Speigner has been reassigned to another housing unit.

The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants, as issuance of the injunction would have an unduly adverse impact on the ability of correctional personnel to exercise their professional judgment in determining the most effective manner in which to provide protection to Carey and other inmates, and would allow inmates to dictate their facility and/or cell assignments simply by making specious allegations against officers and fellow inmates.  Finally, the public interest element of the equation is, at best, a neutral factor.

In light of the foregoing, the undersigned concludes that Carey has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before August 29th, 2016 the parties may file objections to the Recommendation.  In objecting, the party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive or general objections addressed to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 15th day of August, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge